# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

JOHNELL BLAIR,

        Petitioner,      :      Case No. 2:21-cv-5327

 - vs -                               Chief Judge Algenon L. Marbley
                                     Magistrate Judge Michael R. Merz

WARDEN, Ross Correctional Institution,

                                       :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Johnell Blair under 28 U.S.C. § 2254, is before the Court for decision on the merits.  The relevant pleading are the Petition (ECF No. 1), the State Court Record (ECF No. 7) , the Return of Writ (ECF No. 8), and the Traverse (ECF No. 9).  The Magistrate Judge reference in the case was recently transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 10).

**Litigation History**

In February 2019, when Petitioner was sixteen years old[1], a delinquency complaint was filed against him in the Juvenile Division of the Jefferson County Common Pleas Court.  On motion of the State, he was bound over to the General Division of that court to be tried as an adult.

---

[1] The record indicates Petitioner's date of birth is May 4, 2002.  PageID 104.

On July 10, 2019, a grand jury of that County indicted Blair on four counts of aggravated robbery in violation of Ohio Revised Code § § 2913.01) with attached firearm specifications and one count of having a weapon while under a disability. (Indictment, State Court Record, ECF No. 7, Exhibit 1).

Although he initially pleaded not guilty, Blair negotiated a plea agreement pursuant to which he pleaded guilty to one count of aggravated robbery, three counts of robbery, and one count of having weapons while under disability.  The parties also agreed on a sentence which the trial judge imposed: an aggregated mandatory eight years in prison.  With the assistance of counsel Blair appealed to the Ohio Seventh District Court of Appeals, but later voluntarily dismissed the appeal on December 12, 2019.

On August 5, 2021, Blair mailed his habeas petition to this Court.  Under the prison mailbox rule, that counts as his date of filing.  In the Petition he pleads the following grounds for relief:

> **Ground One**: Four count indictment is duplicitous and fatally defective.
>
> **Ground Two**: Discretional bindover was never gratified to a moral certainty.

(Petition, ECF No. 1, PAGEID 5, 21).

## Analysis

**Statute of Limitations**

Respondent pleads the statute of limitations as a bar to the Petition.  28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent calculates that the conviction here became final on February 20, 2020, which was forty-five days after dismissal of the direct appeal, the last day on which Blair could have sought review in the Supreme Court of Ohio (Return, ECF No. 8, PageID 322).  Blair filed no collateral attacks on his conviction which would have tolled the statute of limitations, so his last day to timely file would have been February 21, 2021.  He actually filed August 5, 2021, almost six months after the statute expired.

Blair does not dispute the date on which his conviction became final.  Instead, he claims raising the defense in the Return is untimely because motions to dismiss based on affirmative defense are to be brought before a return is filed (Traverse, ECF No. 9, PageID 346, relying on *Abreu v Huffman*, 82 F. Supp. 2d 749 (ND Ohio, 2000)).  That is not the holding in *Abreu*. Although in that case the Attorney General did in fact file a separate motion to dismiss the petition as untimely, the court had not ordered him to do so and nothing in the Rules Governing § 2254

Cases requires that manner of proceeding. Because the statute of limitations is an affirmative defense, it is forfeited if not raised by a respondent, but nothing in the Habeas Rules, the Federal Rules of Civil Procedure, or the Order for Answer in this case requires it to be raised separately by motion. Respondent has not forfeited the statute of limitations defense.

Petitioner relies on equitable tolling of the statute but cites no facts to support equitable tolling. He relies on the well-established principle that *pro se* pleadings are to be liberally construed, but that means that contents of a *pro se* litigant's pleadings are not to be held to the same strict standards that apply to pleadings drafted by attorneys. It does not mean that *pro se* litigants are entitled to leniency in the application of readily understood rules, such as a one-year statute of limitations. This laxity does not apply to straightforward scheduling requirements which are as understandable by a layman as by a lawyer. *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991). *Pro se* litigants are required to adhere to basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Out of a sense of fairness for other parties who choose counsel and must bear the risk of their attorney's mistakes, no special treatment is to be afforded to ordinary civil litigants who proceed *pro se. Brock v. Hendershott*, 840 F.2d 339, 342-43 (6th Cir. 1988). "Where . . . a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The mere fact that a litigant is proceeding *pro se* does not entitle him or her to equitable tolling.

Blair asserts equitable tolling must be applied because the convicting court had no jurisdiction because Blair was a minor when he committed the crimes in suit. While lack of jurisdiction of the subject matter – here crimes committed by a juvenile without a valid bindover order – would render the judgment void, habeas corpus petitions raising lack of jurisdiction are

4

subject to the same one-year statute as other habeas claims. And note that Blair was no longer a minor by the time his petition was due to be filed.

The one-year statute of limitations in 28 U.S.C. § 2244 is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 193 L. Ed. 2d 652(2016); *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), *quoting Holland*, 130 S. Ct. at 2562, *quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[T]he second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Menominee Indian Tribe*, 136 S. Ct. at 756, citing *Holland* (emphasis sic).

"Equitable tolling allows courts to review time-barred habeas petitions 'provided that a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keeling v. Warden*, 673 F.3d 452, 462 (6th Cir. 2012), quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010). A petitioner's *pro se* status and lack of knowledge of the law do not constitute an extraordinary circumstance to excuse late filing. *Keeling*. Blair has not established he is entitled to equitable tolling in this case. The Petition should be dismissed with prejudice as barred by the statute of limitations.

**Procedural Default**

Respondent also asserts Blair is barred from relief on his two claims because he failed to fairly present them to the state courts.

5

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

From the State Court Record it is clear that Blair never raised either one of his two Grounds for Relief in the court of appeals or the Supreme Court of Ohio. Blair claims procedural default doctrine is inapplicable to this case because the trial court lacked jurisdiction, his trial attorney provided ineffective assistance of trial counsel by "misdirecting him to plead guilty in a court lacking jurisdiction," and the prosecutor was manipulative (Traverse, ECF No. 9, 349-50). Whether or not Blair received ineffective assistance of trial counsel when his attorney advised him to plead guilty, Blair has never attempted to withdraw the plea or to litigate the advice he received. See *Edwards v. Carpenter*, 529 U.S. 446 (2000). Thus Blair has procedurally defaulted his claim that ineffective assistance of trial counsel excused his failure to present these claims on direct

6

appeal. His second procedural default of these claims occurred when he voluntarily dismissed his appeal. He has also not litigated that claim in the Ohio courts.

Blair has procedurally defaulted presenting both of his Grounds for Relief to the Ohio courts and the Petition should be dismissed on that basis as well.

**Waiver by Guilty Plea**

Respondent argues Blair's two Grounds for Relief are waived by his guilty plea. Blair responds that the guilty plea is "non-existent" because of the court's lack of jurisdiction. A valid, unconditional guilty or no contest plea waives all "constitutional violations occurring prior to a plea of guilty once the defendant enters his plea," including a challenge to the evidence supporting a conviction and any pre-plea constitutional violations, unless expressly preserved in a plea agreement or at a plea hearing. *United States v. Lalonde*, 509 F.3d 750, 757 (6th Cir. 2007); *see also Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Blair has never attempted to withdraw his guilty plea on the grounds he now raises, to wit, that his lawyer incorrectly advised him to do so or indeed on any other ground.

**Subject Matter Jurisdiction**

Blair argues the core of this case is that an adult court exercised jurisdiction over a juvenile, took his guilty plea, and sentenced him to the term of imprisonment to which he had agreed.

Blair's claim is unclear to this Court. Without question the Common Pleas Court Juvenile Division has exclusive jurisdiction over criminal offenses charged against juveniles. Thus the

delinquency complaint filed against Blair remained within the juvenile court jurisdiction until it was surrendered by that court.  There is likewise no doubt that in this case the Juvenile Curt surrendered jurisdiction and bound Blair over to the General Division.  Blair complains that the bindover was not "gratified to a moral certainty." (Traverse, ECF No. 9, PageID 349).  This he says is his cornerstone to remedy." *Id.*  But he produces no authority showing that proof of probable cause to any degree of certainty as a condition of bindover in required by the United States Constitution.  As Respondent points out, habeas corpus is available only to remedy constitutional violations.  28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).  "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring).

In the absence of some authority holding that a bindover to adult court must be supported by proof of probable cause to a particular level of certainty is required by the Constitution, Blair has failed to state a claim upon which habeas relief can be granted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.

July 11, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge
