IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JOHNELL BLAIR,** | : |
| Petitioner, | : |
| | : Case No. 2:21-cv-5327 |
| v. | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| **BILL COOL, Warden,** | : |
| Ross Correctional Institution, | : Magistrate Judge Michael R. Merz |
| | : |
| Respondent. | : |

**OPINION & ORDER**

On November 16, 2023, Petitioner Johnell Blair, filed a Petition for Writ of Habeas Corpus. (ECF No. 1). Now before this Court are Petitioner's Objections (ECF No. 12) to the Magistrate Judge's Report and Recommendation ("R&R," ECF No. 11). For the reasons stated below, the Magistrate Judge's Report and Recommendation (ECF No. 11) is **ADOPTED**. Accordingly, Petitioner's Objections (ECF No. 12) are **OVERRULED**, and his Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREDJUDICE**. Because reasonable jurists would not disagree, Petitioner is **DENIED** a certificate of appealability. No writ shall issue.

### I. BACKGROUND

Petitioner Johnell Blair is an inmate at Ross Correctional Institution. (ECF No. 1). In February of 2019, a delinquency complaint was filed against him in the Juvenile Division of the Jefferson County Common Pleas Court. (ECF No. 11 at 1). On the motion of the State, he was bound over to the General Division of that court and was tried as an adult at sixteen years old. (*Id.*) On July 10, 2019, a grand jury of that County indicted Petitioner on four counts of aggravated robbery in violation of Ohio Revised Code section 2913.01 with attached firearm specifications and one count of having a weapon while under a disability. (ECF No. 7-1).

1

Petitioner initially plead not guilty, before negotiating a plea agreement pursuant to which he pleaded guilty to one count of aggravated robbery, three counts of robbery, and one count of having weapons while under disability. (ECF No. 11 at 2). The parties agreed upon a sentence of an aggregated mandatory eight years in prison. (*Id.*). Petitioner appealed to the Ohio Seventh District Court of Appeals, but voluntarily dismissed the appeal on December 12, 2019. (*Id.*).

On August 5, 2021, Petitioner mailed his habeas petition to this Court. (*Id.*). Applying the prison mailbox rule, this is the date the petition was filed. (*Id.*). In the Petition he plead the following grounds for relief:

> **Ground 1:** Four count indictment is duplicitous and fatally defective.
>
> **Ground 2:** Discretional Bindover was never gratified to a moral certainty.

(ECF No. 1, PAGEID 5, 21).

On July 11, 2022, the Magistrate Judge issued its R&R. (ECF No. 11). The Magistrate Judge considered the grounds that Petitioner raised in his Petition for a Writ of Habeas Corpus. (*Id.*). The Magistrate Judge recommended that the Petition be dismissed without prejudice, that Petitioner be denied a certificate of appealability, and that this Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*. (ECF No. 11 at 9).

On July 25, 2022, Petitioner filed his objections to the Magistrate Judge's R&R. (ECF No. 12). Petitioner disagrees with the Magistrate Judge's assessment that he:

Ground 1: Cited no facts to support equitable tolling.
Ground 2: Was no longer a minor by the time his petition was due to be filed.
Ground 3: Failed to present claims to state courts.
Ground 4: Never attempted to withdraw his guilty plea or declare ineffective counsel.
Ground 5: Produced no authority to authenticate his "bindover" issue.

2

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the "judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(c). After this review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## III. LAW AND ANALYSIS

### A. Ground One: Equitable Tolling

In his objections to the Magistrate Judge's R&R, Petitioner objects to the Magistrate Judge's application of the law ascertained from *Abreu v. Huffman*, 82 F.Supp. 2d 749 (N.D. Ohio 2000). (ECF No. 12 at 5). Petitioner states that the *Abreu* court determined that, "a motion to dismiss a petitioner as time barred precedes any order from a state court for a respondent to file a "return of writ." (*Id.*). On January 18, 2022, Magistrate Judge Jolson ordered Respondent to file an answer to Petitioner's section 2254 which the Petitioner says satisfied the holding in *Abreu*. (*Id.*). Petitioner then asserts that the *Abreu* court issued an order pursuant to Rule 4 of the Federal Rules of Civil Procedure, that directed a respondent to file an answer granting the petitioner leave to respond. (*Id.*). Petitioner states that the petitioner in *Abreu* was not time barred by the statute of limitations in the Anti-terrorism and Effective Death Penalty Act ("AEDPA") of 1996, so he cannot be time barred either. (*Id.*). Petitioner further asserts, that the Magistrate Judge misstated factual data and if this were not the case, the statute of limitations discussion would be null. (*Id.*).

Petitioner misstates the holding in *Abreu* and relies on this misstatement to support his argument that motions to dismiss based on affirmative defenses are to be brought before a return is filed. (ECF No. 12 at 5). The *Abreu* court held that while 28 U.S.C.S. § 2244(d)(2) provides for a tolling of 28 U.S.C.S. § 2254 if a properly filed application for state post-conviction relief is

3

pending, the petitioner's application was not properly filed due to it being untimely without good cause. *Abreu v. Huffman*, 82 F.Supp. 2d 749, 756 (N.D. Ohio 2000). The *Abreu* court further stated, that even if the petitioner had timely filed, he was barred from bringing his habeas claims in federal court. *Id.*

Petitioner again asserts that he is a "juvenile petitioner, filing pro se, lacking any substantial legal knowledge" (ECF No. 6). Petitioner asserts further, that the only reason there is any discussion of "time bar" and "statute of limitations," is due to a "total distortion of facts and law" by the Magistrate Judge. (*Id.*). Petitioner states that the Supreme Court has affirmed a requirement that AEDPA review be limited to Supreme Court precedent. (ECF No. 12 at 5). *Parker v. Matthews*, 132 S.Ct. 2148, 2155 (2012).

Petitioner offers the legal outcome of *Parker v. Matthew*, to support his argument that the only option for this case moving forward is to remand it to juvenile jurisdiction. "[T]he Anti-terrorism and Effective Death Penalty Act of 1996 proscribes using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Parker v. Matthews*, 132 S. Ct. at 2149 ("A decision where plain and repetitive error was found for the Sixth Circuit to rely on its own precedents by granting Matthews habeas relief"). Petitioner additionally raises *Richardson v. Branker*, stating that state prisoners are entitled to one federal habeas challenge and that this Court has the authority to grant writ of habeas corpus and release the Petitioner from his state conviction. (ECF No. 12 at 5). *Richardson v. Branker* 668 F.3d 128, 138 (4th Cir. 2012).

This Court does not argue with the Supreme Court's holding in *Parker* that AEDPA review be limited to Supreme Court precedent or dispute *Richardson's* finding that state prisoners are entitled to one federal habeas challenge. This Court does, however, reject the Petitioner's assertion that the only possible remedy is to remand this case to juvenile jurisdiction due to "questionable

4

rulings and identified legal errors." (ECF No. 12 at 5).

First, Petitioner's date of birth is May 4, 2002, making him 21 years old, meaning Petitioner is no longer a juvenile. (ECF No. 11 at 1). Secondly, Petitioner's Writ of Habeas Corpus is not an opportunity to assert that all of the decisions in the case leading up to this point must be questionable or suspicious because the outcome is not what he had hoped for. Petitioner initially appealed his conviction in 2019, when he was still a minor and had ample time to challenge the jurisdictional issues related to his case being heard in juvenile court. (ECF No. 11 at 2). This appeal was voluntarily dismissed by the Petitioner. (*Id.*) Petitions for habeas corpus that assert a lack of jurisdiction are subject to the same one-year statute of limitations as other habeas claims. Petitioner filed his Writ in August of 2021, well after the one-year statute of limitations was up. (ECF No. 1).

The one-year statute of limitations under 28 U.S.C. § 2244 is subject to equitable tolling. (ECF No. 11 at 5); *Holland v. Florida*, 560 U.S. 631, 645 (2010). In order for a Petitioner to be "entitled to equitable tolling," he must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 755 (2016). The second prong of the test requires that the litigant be met with circumstances that directly caused delay and were out of the litigant's control. *Id.* at 756. It would not be appropriate or accurate for this Court to remand this case to a juvenile jurisdiction when there were no extraordinary circumstances that prevented Petitioner from timely filing his Writ within the legally provided statute of limitations, to challenge both the alleged lack of jurisdiction and the alleged violation of his Constitutional rights. Further, Petitioner has not asserted any indication that he was met with circumstances out of his control that directly caused his delay in filing. The Petition should be dismissed with

prejudice as barred by the statute of limitations.

### B. Ground Two: No Longer a Minor

Petitioner asserts that the Magistrate Judge's assessment that Petitioner was no longer a minor at the time his petition was due to be filed is an irrelevant statement of fact. (ECF No. 12 at 8). Petitioner further asserts, that this fact has nothing to do with equitable tolling. (*Id.*).

There is no issue with the Petitioner's belief that the conviction court had no jurisdiction because he was a minor when he committed the crimes in suit. (ECF No. 11 at 4). If there were a lack of jurisdiction over the subject matter to be found, the judgement would be void. (*Id.*). There are, however, legal ways to raise these procedural concerns. The Petitioner should have filed a habeas corpus petition raising lack of jurisdiction within the one-year statute of limitations. The Petitioner did not file a Writ of Habeas Corpus within the one-year statutory time period asserting lack of jurisdiction.

Petitioner wrongly asserts that the assessment of his age at the time of Writ has nothing to do with equitable tolling. (ECF No. 12 at 8). If the Petitioner failed to raise a habeas corpus petition withing the one-year statutory time period but was able to assert 1) he had been pursuing his rights diligently and 2) there was an extraordinary circumstance out of his control that stood in his way to prevent timely filing, this Court may have granted equitable tolling. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. at 755-756 (2016). The Petitioner has not asserted any facts that lead this Court to believe he is entitled to equitable tolling regarding the lack of jurisdiction issue. The Petition should be dismissed on this basis as well.

### C. Ground Three: Failed to Present Claims to State Courts

Petitioner asserts that procedural default does not bar him from relief on the grounds that he did not fairly present them to state courts. (ECF No. 11 at 5). Petitioner further asserts that he

6

did present claims to state courts, raising a motion to appeal, filed on or about August 19, 2021, in Jefferson County Court of Common Pleas in Steubenville, Ohio. (ECF No. 12 at 8). It was returned for lack of payment. (*Id.*). This was resolved on or about October 14, 2021. (*Id.*). On October 21, 2021, the state court submitted the appeal to the federal district court. (*Id.*). Petitioner asserts that if the appeal was improper, the state court should have advised the "pro se filing 16 year old petitioner" to correct the deficiencies because pro se filings should be construed liberally. (*Id.*).

While Petitioner's assertion that pro se litigant's pleadings are to be construed liberally is correct, pro se litigants must comply with the relevant procedural rules. *Johnson v. Hamilton Cnty. Justice Ctr.*, 2022 U.S. Dist. LEXIS 176969, at 13. At the time of the motion to appeal, Petitioner was 19 years of age, as his birth date is May 4th of 2002, and not 16 years of age as Petitioner asserts. According to the State Court Record, the Petitioner never raised either of his Grounds for Relief in the Court of Appeals or the Supreme Court of Ohio. (ECF No. 11 at 6). Petitioner should have attempted to withdraw his plea or litigate the advice he received, if he wanted to assert that infective assistance of trial counsel excused his failure to present these claims on direct appeal. (ECF No. 11 at 6). Further, Petitioner voluntarily withdrew his first motion to appeal that was filed on September 30, 2019. (ECF No. 7 at 30). It is on these grounds that procedural default is proper.

### D.  Never Attempted to Withdraw Guilty Plea or Declare Ineffectiveness

Petitioner states that the reason he did not attempt to withdraw his guilty plea or declare ineffectiveness is because his counsel of record insisted he sign the guilty plea agreement and affirmed he could not appeal. He further asserts, that the prosecutor "concocted" the plea agreement in such a way that it is "saturated with confusing statements."

If a plea of guilty that is voluntary and intelligent is made by an accused person who has been advised by competent counsel, it may not be collaterally attacked. *United States v. Shade*,

2022 U.S. Dist. LEXIS 52462 at 12 (petitioner plead guilty as provided in his plea agreement but never sought to withdraw that plea in this court despite having Fourth Amendment concerns he wanted to raise. His guilty plea and his lack of withdrawal waived his right to complain of constitutional violations that took place prior to the plea).

Here, Petitioner had constitutional concerns about the convicting courts lack of jurisdiction, prosecutorial misconduct, and ineffective counsel, prior to his guilty plea. (ECF No. 1 at 14 & 15; ECF No. 12 at 1). Petitioner's lack of waiver of his guilty plea or declaration of ineffectiveness waives his right to assert constitutional violations prior to his plea.

### E. No Authority Supports "Bindover" Issue

Petitioner asserts that there must be probable cause for bindover from juvenile court to adult court. (ECF No. 12 at 10). The Ohio Revised Code, however, does not list this as a statutory requirement for transfer of cases from juvenile court to adult court. R.C. 2152.10. It is within the juvenile court's discretion to transfer a juvenile defendant to adult court. *Id.* Further, if a child alleged to be a delinquent child is eligible for mandatory transfer, the case shall be transferred. *Id.* If the child is charged with a category two offense, other than kidnapping under section 2905.01 and the child was at least 16 years of age, bindover is lawful if the child was a previously adjudicated delinquent child who had committed a category one or two offense or the child was alleged to have a firearm. R.C. 2152.10(A)(2)(b); *Riley v. Buchanan*, 2016 U.S. Dist. LEXIS 27272 at 42 (pursuant to R.C. 2152.10(A)(2)(b) appellant was subject to mandatory transfer and was 17 years old at the time of the offense); *Horne v. Bunting*, 2014 U.S. Dist. LEXIS 178978 at 14 (petitioner was a delinquent child who was indicted on counts of aggravated robbery and was transferred to adult court after probable cause was found that the petitioner brandished a firearm during the aggravated robbery).

In the case of the Petitioner, he was 16 years of age and had been charged with two counts of Aggravated Robbery which is a category two offense. R.C. 2152.10(A)(2)(b). Further, he was charged with two counts of firearm specification, meeting the standard for transfer as he was alleged to have a firearm on his person at the time of the offenses. (ECF No. 1 at 28 at paragraph 6).

In the absence of any evidence or authority asserted that the Petitioner's bindover to adult court was unlawful or unconstitutional, the Petitioner has failed to state a claim upon which habeas relief can be granted.

## IV.    CONCLUSION

Having considered Petitioner's Writ of Habeas Corpus and his objections to the Magistrate Judge's R&R, this Court finds they are without merit. Accordingly, the Magistrate Judge's R&R (ECF No. 11) is hereby **ADOPTED**, Petitioner's Objections (ECF No. 12) are **OVERRULED**, and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED WITH PREJUDICE**. Furthermore, because reasonable jurists would not disagree with this conclusion, this Court **DECLINES** to issue a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  July 12, 2024**